# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ASENCION GARCIA-LOPEZ,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | CASE NO. 09-CV-2924 H<br>CASE NO. 09-CR-2056 H<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255.** |

On December 29, 2009, Juan Asencion Garcia-Lopez ("Petitioner"), a prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his federal prison sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 24.) On February 16, 2010, Respondent filed a response in opposition. (Doc. No. 29.) On March 29, 2010, Petitioner filed a reply. (Doc. No. 30.) After due consideration, the Court denies Petitioner's motion.

## **BACKGROUND**

On June 25, 2009, Petitioner pled guilty to a two-count information charging him with a misdemeanor and felony illegal entry in violation of 8 U.S.C. §1325. (Doc. No. 12.) Petitioner pled guilty pursuant to a plea agreement. (Doc. No. 15.) Petitioner reviewed and initialed each page of the plea agreement, signed the last page, underwent a Fed. R. Crim. P. 11 plea colloquy with a magistrate judge, and the district court adopted the plea. (Doc. Nos. 13, 18.) Under the plea agreement, Petitioner waived his right "to appeal or to collaterally

1  attack the guilty plea, conviction, and sentence . . . unless the Court imposes a custodial
2  sentence above the greater of the high end of the guideline range recommended by the
3  Government pursuant to this agreement at the time of sentencing or statutory mandatory
4  minimum term, if applicable."  (Doc. No. 15 at 3.)  On June 29, 2009, Respondent
5  recommended a sentence of 30 months in accordance with the plea agreement. (Doc. No. 16.)
6  On July 29, 2009, Petitioner recommended a 24 month sentence. (Doc. No. 19.)  On July 31,
7  2009, the Court sentenced Petitioner to 24 months imprisonment. (Doc. No. 22.)

8        On December 29, 2009, Petitioner requested the Court to vacate, set aside, or correct
9  his federal prison sentence because he allegedly received ineffective assistance of counsel
10 during his sentencing hearing. (Doc. No. 24.)  Specifically, Petitioner asserts his counsel was
11 ineffective because he failed to present mitigating evidence regarding Petitioner's poor
12 eyesight. (Doc. No.  24 at 6.)  On February 16, 2010, Respondent filed a response in
13 opposition. (Doc. No. 29.)  Respondent argues that Petitioner waived his right to bring this
14 motion as part of his plea agreement and that his counsel's performance was not
15 constitutionally ineffective. (Doc. No. 29.) On March 29, 2010, Petitioner filed a reply. (Doc.
16 No. 30.)

17 **DISCUSSION**

18       A sentencing court may "vacate, set aside or correct the sentence" of a federal prisoner
19 if it concludes that "the sentence was imposed in violation of the Constitution or laws of the
20 United States." 28 U.S.C. § 2255(a) (2008).  Claims for relief under § 2255 must be based on
21 constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of
22 justice" or one which is "inconsistent with the rudimentary demands of fair procedure."  See
23 United States v. Timmreck, 441 U.S. 780, 783-84 (1979).  A district court may deny a § 2255
24 motion without holding an evidentiary hearing if the record clearly indicates that a petitioner
25 does not have a claim or that a petitioner has asserted "no more than conclusory allegations,
26 unsupported by facts and refuted by the record."  United States v. Quan, 789 F.2d 711, 715
27 (9th Cir. 1986).

28       The Sixth Amendment guarantees a criminal defendant the right to the "effective

assistance of counsel" during sentencing proceedings. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984); <u>Silva v. Woodford</u>, 279 F.3d 825, 836 (9th Cir. 2002). To sustain a claim of ineffective assistance of counsel, Petitioner must demonstrate that: (1) his counsel's performance was deficient; and (2) his counsel's deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 690-692. A counsel's performance is deficient if it was not "within the range of competence demanded of attorneys in criminal cases. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Prejudice may be established if Petitioner shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. <u>Id.</u>

Here, the Court denies Petitioner's motion because the record directly refutes his claim and his counsel performed effectively. <u>Strickland</u>, 466 U.S. at 686; <u>Quan</u>, 789 F.2d at 715. Contrary to Petitioner's claim, Petitioner's counsel presented an abundance of evidence to the Court regarding Petitioner's poor eyesight. (Doc. No. 28.) Prior to the sentencing hearing, Petitioner's counsel submitted to the Court a letter from Petitioner which stated, "my eyesite [sic] is getting worse . . . my right eye [has] zero visability [sic] and my left [eye] is gradually getting worse." (Doc. No. 20 at 3.) The Court read this letter, and Petitioner's counsel discussed the letter with the Court during the sentencing hearing. (Doc. No. 28 at 3-4.) The Court and Petitioner's counsel also discussed the results of Petitioner's eye surgery. (<u>Id.</u> at 4.) Moreover, Petitioner's counsel explicitly argued Petitioner's eye problems were a "mitigating factor" the Court should consider. (<u>Id.</u> at 8.) Lastly, the Court notes that Petitioner's counsel successfully argued for a 24 month sentence, as opposed to the 30 months recommended by Respondent, and the 46-57 months authorized by the guidelines. (Doc. Nos. 16, 19, 22.) Therefore, the Court concludes Petitioner's counsel performed effectively at the sentencing hearing. <u>Strickland</u>, 466 U.S. at 686; <u>Quan</u>, 789 F.2d at 715. Accordingly, the Court denies Petitioner's motion.

## CONCLUSION

For the reasons stated above, the Court denies Petitioner's motion under 28 U.S.C. 2255. As the Court denies Petitioner's motion on the merits, the Court declines to address Respondent's claim of waiver.

**IT IS SO ORDERED.**

DATED: April 2, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.